UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Stanes-Jacques,

Petitioner,

vs.

Federal Bureau of Prisons,

Respondent.

Civil No.: 00-41 JRT/FLN

**REPORT AND RECOMMENDATION**

---

Stanes-Jacques, pro se.
Clifford Wardlaw for Respondent.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on Stanes-Jacques' Petition for Writ of Habeas Corpus [#1] filed pursuant to 28 U.S.C. § 2241. Stanes-Jacques challenges the Federal Bureau of Prisons' ("BOP's") refusal to credit him for time spent in federal custody from February 10, 1997, until January 30, 1998, when he was sentenced for Re-Entering the United States After Deportation for an Aggravated Felony in violation of 8 U.S.C. § 1326(B)(2). The BOP responds that Petitioner has been credited and that the issue is now moot.

## I. BACKGROUND

Stanes-Jacques was convicted in Circuit Court, Twelfth Judicial Circuit, Manatee County, Florida, for Trafficking in Cocaine and Possession of Marijuana on April 1, 1993. (Presentence Investigation Report ("PSR"), Attachment C to the Certificate of Record of Gwendolyn Walker).



FILED JUN 0 8 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

On December 19, 1994, Stanes-Jacques' sentence was commuted as a result of a special clemency initiative undertaken by the State of Florida and he was released from State custody. (Id. at 5). The clemency initiative permitted deportable aliens serving sentences for non-violent offenses to submit to deportation proceedings and return to their places of origin. (Id.). In exchange for clemency, Stanes-Jacques agreed to never return to the United States. (Id.). Petitioner was deported from Miami, Florida, and returned to Haiti on April 25, 1995. (Id. at 5-6).

Three and a half years later, on October 25, 1996, Stanes-Jacques was arrested on a traffic offense in Bradenton, Florida, Manatee County. (Id. at 2). Bradenton is situated in the Middle District of Florida. (Id.). Stanes-Jacques had not applied for or received the permission of the Attorney General of the United States to re-enter the United States. (Id.). His return was thus a violation of the clemency order which had released him from the custody of the State of Florida. (Id. at 5). As a result, Stanes-Jacques became obligated to fulfill the remainder of the 15-year minimum sentence that was imposed on April 1, 1993. (Id.).

Petitioner was removed from state custody at the Central Florida Reception Center on February 10, 1997, via federal writ by the United States Marshals Service. (Id. at 2). Stanes-Jacque remained in federal custody until he was sentenced on January 30, 1998, for Re-Entering the United States after Deportation for an Aggravated Felony. (Attachment A to the Certificate of Record of Gwendolyn Walker). He was then designated to Federal Correctional Institution ("FCI") Waseca, in the District of Minnesota, on May 12, 1998. (Attachment D to the Certificate of Record of Gwendolyn Walker).

On March 22, 2000, the BOP granted Petitioner the relief he seeks in this Petition, namely credit against his federal sentence for the time period from February 10, 1997, the date that he was received into federal custody, to January 30, 1998, the date that he was sentenced. This credit resulted in his immediate release from federal custody and his transfer to the Waseca County Jail, where Petitioner awaits transport by the State of Florida Department of Corrections so that he might return to Florida to fulfill the remainder of his state sentence. (Declaration of Willie Vollmecke, Attachment J to Certificate of Record of Gwendolyn Walker).

## II. ANALYSIS

Mootness is a jurisdictional question. See Watts v. Petrovsky, 757 F.2d 964, 965-66 (8th Cir. 1985). When a habeas petitioner protests a condition of his confinement, his claim is mooted when that condition ends. See Weinstein v. Bradford, 423 U.S. 147, 149 (1975); Corgain v. Miller, 708 F.2d 1241, 1246 (7th Cir. 1983). A Petitioner is not entitled to resolution of a matter once it becomes moot unless it is likely to be raised again between the parties. See Missouri v. Craig, 163 F.3d 482, 484-85 (8th Cir. 1998).

As Stanes-Jacques has been afforded the relief that he seeks, and the situation is not likely to rise again between the parties, his Petition for Writ of Habeas Corpus should be **DENIED AS MOOT**.

## III. RECOMMENDATION

Based upon the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Stanes Jacques' Petition for Writ of Habeas Corpus [#1] be **DENIED AS MOOT**.

Dated: June 7, 2000

Franklin L. Noel
Chief Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties within ten days of this Report and Recommendation written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.